## UNITED STATES v. TWO CANS OF OIL OF SWEET BIRCH AND THREE CANS OF OIL OF GAULTHERIA.

(District Court, S. D. New York. March 10, 1920.)

Druggists ⚖➖11—Food ⚖➖24—Granting motion to release misbranded products under bond discretionary.

Motion of claimant of food products, seized on libel to condemn as misbranded, for release of the products under bond pursuant to Food and Drugs Act, § 10 (Comp. St. § 8726), would, under the discretion conferred by the permissive language of that section, be denied, where, although the articles seized were not deleterious, they had a much lower market value than the articles which the false labels described, the misbranding was fraudulent and injurious to competitors in the trade, and claimant had been convicted of a similar offense before, and had numerous other proceedings pending against him.

Forfeiture under Food and Drugs Act. Libel by the United States for the seizure and condemnation of two cans of oil of sweet birch and three cans of oil of gaultheria; T. J. Ray, claimant. On claimant's motion for release of the product under bond. Motion denied.

On December 9, 1919, the United States attorney for the Southern district of New York, acting upon a report by the Secretary of Agriculture, filed in the District Court of the United States for that district a libel for the seizure and condemnation of two cans, each containing 60 pounds, of a product purporting to be oil of sweet birch, and three cans, each containing 30 pounds, of a product purporting to be oil of gaultheria, consigned November 12, November 13, and November 20, 1919, remaining unsold in the original unbroken packages at New York, N. Y., alleging that the article had been shipped by T. J. Ray, Johnson City, Tenn., and transported from the state of Tennessee into the state of New York, and charging adulteration and misbranding in violation of the Food and Drugs Act (Comp. St. §§ 8717–8728). The alleged birch oil was labeled in part, "Oil Sweet Birch U. S. P." The alleged oil of gaultheria was invoiced as "Wintergreen Leaf Oil (Gaultheria)." Analyses of samples of the articles by the Bureau of Chemistry of the Department of Agriculture showed them to contain synthetic methyl salicylate.

Adulteration of the articles, considered as drugs, was alleged in the libel, for

the reason that they were sold under names recognized in the United States Pharmacopœia and differed from the Pharmacopœial standard of strength, quality, and purity as therein laid down, and further in that their own strength and purity fell below the professed standard or quality under which they were sold. Adulteration of the articles, considered as foods, was alleged, for the reason that synthetic methyl salicylate had been mixed and packed therewith, so as to reduce, lower, and injuriously affect their quality and strength, and had been substituted wholly or in part for said products.

Misbranding of the article purporting to be oil of gaultheria, and invoiced as "Wintergreen Leaf Oil (Gaultheria)," was alleged, for the reason that the product was represented as being derived solely from wintergreen leaves, a representation false and misleading when applied to a product consisting in part of synthetic methyl salicylate. Misbranding of this product, considered as a drug, was alleged, for the reason that it was an imitation of, and offered for sale under the (distinctive) name of, another article, to wit, oil of gaultheria. Misbranding of the article, considered as a food, was alleged, for the further reason that it was an imitation of, and offered for sale under the distinctive name of, another article, to wit, oil of gaultheria.

Misbranding of the product labeled "Oil Sweet Birch" considered as a drug, was alleged in the libel, for the reason that it was an imitation of, and offered for sale under the name of, another article, to wit, oil of sweet birch. Misbranding of the article, considered as a food, was alleged, for the reason that it was an imitation of, and offered for sale under the distinctive name of, another article, and for the further reason that the packages containing the product bore a statement, to wit, "Oil Sweet Birch," regarding the product contained therein, which statement was false and misleading—false in that the article was not composed wholly of oil of sweet birch, but, on the contrary, consisted partly of synthetic methyl salicylate derived from sources other than sweet birch, and misleading, in that it led the purchaser to believe that such product was composed wholly of oil of sweet birch, whereas it consisted in part of synthetic methyl salicylate, derived from a source other than sweet birch.

On December 23, 1919, the said T. J. Ray, Newland, N. C., filed his claim for the product and also a stipulation for costs. Thereafter said claimant, by his attorney, filed a motion for the release of the product under bond. On February 27, 1920, the matter having come on for the disposition of said motion, after arguments by counsel, the matter was taken under advisement and on March 10, 1920, said motion was denied.

John F. Yawger, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). The claimant transported in interstate commerce the above-named merchandise, which was misbranded. The articles seized had a much lower market value than the articles which the false labels described. They were branded as oil of birch and oil of wintergreen, which are used in the manufacture of confectionery. The imitations so branded contained but a small percentage of the ingredients, and consisted mainly of a chemical of different composition.

The claimant asks to be allowed to furnish a bond and to have the merchandise released, so that he can sell it by correct description. It is not denied that the merchandise is not deleterious. The release of these articles after bond is in my opinion discretionary with the court. Section 10 of the Food and Drugs Act (Comp. St. § 8726) provides that any article of food that is adulterated or misbranded and is a subject of interstate commerce "shall be liable to be proceeded against in any District Court of the United States within the district where the same

is found, and seized for confiscation by a process of libel for condemnation." There follows, in a subsequent clause in section 10, supra, a provision empowering "the court  *  *  *  by order [to] direct that such articles may be delivered to the owner thereof."

This is not mandatory, but clearly permissive. The claimant here has been convicted of a similar offense before, and has numerous other proceedings pending against him. I regard the application as addressed wholly to my discretion, and I decline to exercise it in favor of the claimant under existing circumstances. The misbranding was fraudulent and injurious to competitors in the trade.

The motion to release on bond is denied.