**UNITED STATES v. 1,443 CASES, MORE OR LESS, CANNED SALMON, etc. (LIBBY, McNEILL & LIBBY, Claimant).**

No. 13292.

District Court, W. D. Washington, N. D.
May 23, 1934.

78

J. Charles Dennis, U. S. Atty., Anthony Savage, formerly U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., all of Seattle, Wash.

Kerr & McCord, of Seattle, Wash., for claimant.

CUSHMAN, District Judge (after stating the facts as above).

The statute (21 USCA § 14), in part, provides: " * * * Upon the payment of the costs of such libel proceedings and the execution and delivery of a good and sufficient bond to the effect that such articles shall not be sold or otherwise disposed of contrary to the provisions of said sections, or the laws of any State, Territory, District, or insular possession, the court · may by order direct that such articles be delivered to the owner thereof. * * * "

Libelant contends that, although the owner offers to pay the costs and give bond and the court finds that the seized food is only decomposed in part, that it is feasible to separate the decomposed portion from the remainder, and that the claimant offers to do so under the supervision of representatives of the Food and Drug Administration, yet the court, by the act quoted, is vested with a discretion and may refuse delivery to the owner and order the destruction or sale of the seizure.

Conceding, in a suit such as the present, a principle analogous to that of equity requiring a petitioner for such relief to come into court with clean hands, yet two objections appear to its application in this case:

First, the evidence does not warrant the court in finding intentional wrong-doing on the part of the claimant.

Second, public policy may require the relaxation of the rule recognized by the maxim to which reference is made. 21 Corpus Juris, 189, § 175, and cases cited to the text.

It is not only public policy to prevent the distribution of food that is decomposed, but it is also public policy to conserve the food supply, for it is the greater which includes the less. It may be that it is in answer to this that the libelant contends that, the statute reading "the same shall be disposed of by *destruction or sale* as the said Court may direct," destruction of the wholesome portion of the seizure is not demanded by the law but a sale is permitted.

It may be conceded that where a separation of the decomposed food from the wholesome might be readily accomplished without expense, the court would be authorized to in one decree order the destruction of the decomposed food and the sale of the wholesome, but in a seizure such as the present, the evidence showing that each can of salmon must be punctured or opened in order to determine whether the contents is

wholesome, stale, tainted, or putrid, and the wholesome (in order to preserve it) thereafter re-sealed and re-cooked, such a course is unwarranted. It is not to be expected that the claimant would pay such expense, nor is it shown that the libelant has any appropriation from which such expense could be paid or that the court would be warranted in putting libelant to such expense. It follows that any sale ordered by the court would be of the entire seizure, which would be objectionable for reasons presently stated.

It is not to be expected that strangers to this proceeding, at a point from which salmon is distributed throughout the United States and over a great part of the world, will, upon a sale, bid anything near the actual value of a product condemned as partly decomposed. It is to be anticipated that the claimant for a nominal amount will become the purchaser. The seized product would then be free and might be sold intrastate without reconditioning in so far as any law of the United States is concerned.

In view of such consequences, a greater danger than any here shown would alone warrant, costs being paid, the denial of a decree for delivery upon claimant giving the statutory bond in an amount which is hereby fixed at $10,000. That such is the proper course in such a case appears to have been recognized by the Circuit Court of Appeals for this circuit in A. O. Andersen & Co. v. United States, 284 F. 542–545.

A question remains upon which the parties have not been heard. The seized cans of salmon are not at present labeled. The second cooking of the cans of salmon found wholesome, to which reference has been made, leaves the contents of the can not the equal of the original pack—less palatable than if not reheated.

The statute contains no express provision directing the court, in order to avoid the danger of misleading the purchaser, to require the affixing to the cans of fish found to be good and so treated, before disposition by claimant, of a label showing they have been twice cooked. The same rule in this respect would apply if the seizure, instead of being a product of the United States, was a shipment from a foreign country.

Upon the question of the authority and propriety of the court so requiring, the parties will be heard at the time of the settlement of the findings of fact, conclusions of law, and decree, which will be upon notice.

The clerk will notify the attorneys for the parties of the filing of this decision.