## UNITED STATES v. 143 PACKAGES EACH CONTAINING 3 BOTTLES OF NUE-OVO (RESEARCH LABORATORIES, Inc., Intervener).

No. 7408.

District Court, W. D. Washington, S. D.

Aug. 26, 1943.

J. Charles Dennis, U. S. Atty. and Harry Sager, Asst. U. S. Atty., both of Tacoma, Wash., for libellant and plaintiff.

Eisenhower, Hunter & Ramsdell, of Tacoma, Wash., and Harry G. Hoy, of Portland, Or., for intervenor and defendant.

LEAVY, District Judge.

This is a libel proceeding instituted by the United States of America under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., against 143 packages, more or less, each containing three bottles of a proprietary medicine called "NUE-OVO", which were claimed by Research Laboratories, Inc., as being their property.

The method of labeling in this case was novel and unusual in practice. The sufficiency of the government's libel of information was attacked by the intervenor herein on the ground that it did not state facts sufficient to show a violation of the Federal Food, Drug and Cosmetic Act. After amendment by the government of its original libel of information, the attack was renewed upon the same grounds, and the intervenor's motion to dismiss was sustained by the District Court. Thereupon, the government appealed, and the holding of the District Court was reversed and the cause remanded for trial upon the allegations of the amended libel and the issues made by the further pleadings of the intervenor. United States v. Research Laboratories, Inc., 9 Cir., 126 F.2d 42.

Trial upon the issues as made by the pleadings was by jury, resulting in a verdict finding for the government in its contention that the articles were misbranded by reason of the labeling thereof being false and misleading.

Following the receipt and entry of the verdict herein, plaintiff submitted, upon notice, a form of judgment and decree of forfeiture and condemnation, providing that the United States Marshal shall destroy the said 143 packages of "Nue-Ovo".

At the time fixed by the notice for the presentation of the judgment, the intervenor, Research Laboratories, Inc., appeared and objected thereto, insisting that that part of the decree providing for the destruction of the libeled property should be stricken, and in lieu thereof, a provision made for the sale of the property. The parties requested and were given time to submit written briefs upon this issue.

It is the contention of the intervenor, Research Laboratories, Inc., that under the facts as disclosed in this case, the court is without discretion to order the destruction of the property, and they contend further that if such discretion, as a matter of law, does exist, it would be an abuse thereof, as well as unjust and inequitable to order its destruction.

■ The language of the Act is unambiguous, and clearly places it within the discretion of the court to dispose of the condemned property either by ordering its sale or destruction, so long as the disposition is in accordance with the provisions of the Act. 21 U.S.C.A. § 334(d).

The conclusion reached here as to the discretionary power of the court in reference to the disposition of condemned property is supported by the following cases: United States v. Two Cans of Oil of Sweet Birch and Three Cans of Oil of Gaultheria, D.C., 268 F. 866; United States v. 1,443 Cases, More or Less, Canned Salmon, D. C., 7 F.Supp. 77.

■ In making a disposition of this matter, the court is bound by the facts as they were found by the jury, upon the issues submitted to it. The issue made by the pleadings and directly submitted by the court's charge to the jury for its consideration was whether there was a misbranding by reason of the labeling being false or misleading, and this, in turn, included the issue as to whether the medicine involved herein had any value whatever in the beneficial treatment of arthritis in any of its forms.

It was conceded by all parties that "Nue-Ovo" was not injurious or harmful. The verdict of the jury is the equivalent of a finding:

1. That the labeling of "Nue-Ovo" was false and misleading.

2. That the substance "Nue-Ovo" was useless and valueless as a remedy in the treatment of arthritis.

In passing upon the matter now before the court, therefore, it is not a question of what the court may think concerning the facts, but the facts that were found by the jury's verdict must be accepted, and since the jury has found that there was a misbranding by reason of false and misleading labeling, and also found that the article in question has no therapeutic value in the treatment of arthritis, it would be an abuse of discretion on the part of the court to direct its sale, and thus permit it to again become an article of commerce.

The only purpose of placing "Nue-Ovo" on the market was as a beneficial treatment for arthritis. The findings of the jury to the effect that it was not such treatment make it inconsistent to direct its sale and movement back into the channels of commerce and trade.

I, therefore, overrule the objections interposed by the intervenor, Research Laboratories, Inc., and upon the re-submission of the judgment and decree of forfeiture and condemnation, the same will be signed.

The Clerk of this Court will notify the attorneys for the parties of the filing of this Opinion.