UNITED STATES v. 48 DOZEN PACKAG-
ES, MORE OR LESS, OF GAUZE BAND-
AGE LABELED IN PART STERILIZED.

No. 143.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

Horace W. Bigelow, of Detroit, Mich., and Morgan & Lockwood, of New York City (Breed, Abbott & Morgan, of New York City, William L. Hanaway, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (John W. Burke, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The United States seized, and then filed its libel in the District Court for the Southern District of New York to have condemned and declared forfeited, forty-eight packages of plain gauze bandages under the provisions of the Pure Food and Drugs Act § 8, as amended, 37 Stat.

416, 732, 21 U.S.C.A. § 9. The appellant appeared as claimant and answered. On issue joined, the cause came on for trial by jury, but both parties moved for a directed verdict and then waived the jury. The court then made findings of fact and entered the judgment from which the claimant has appealed.

The findings of fact show that on or about May 19, 1936, the claimant shipped the packages of gauze bandages which were later seized and condemned from Bridgeport, Conn., to Parke, Davis & Co., in New York City. Except for samples which have been removed, all the gauze is now in the custody of the United States marshal for the Southern District of New York. The claimant is the owner.

The gauze was in small packages contained in larger cartons which were labeled, as were the small packages, to the effect that the gauze was sterilized. Each small package also bore a guarantee stating in part that "This Bay product has been scientifically prepared for surgical use under the most sanitary manufacturing conditions."

The gauze was not, however, sterilized or fit for surgical use, but did contain "living bacteria consisting of Gram-positive sporeforming bacilli and nonsporeforming bacilli, Gram-positive and Gram-negative bacilli, capable of growing aerobic conditions and anaerobic bacteria." And it was a substance intended for use in the cure, prevention, and mitigation of disease in man.

■■ The turning point of decision on this appeal is whether such a substance as this gauze bandaging is within the scope of the Pure Food and Drugs Act and so subject to seizure and forfeiture. If it is within the act at all, it must fall within its purview as a "substance * * * intended to be used for the cure, mitigation, or prevention of disease of either man or other animals" defined to be a "drug" in Pure Food and Drugs Act § 6, 21 U.S.C.A. § 7. That it was, indeed, a substance is self-evident, and the above finding as to its intended use certainly brings it within the broad language of the statutory definition of a "drug." But it is argued that such broad definition must be held to be somewhat narrowed, under the principle of ejusdem generis, by words used in the statute in connection with it, and with that contention we are fully in accord. The complete statutory definition of drug is as follows:

"The term 'drug,' as used in sections 1 to 15, inclusive, of this title, shall include all medicines and preparations recognized in the United States Pharmacopœia or National Formulary for internal or external use, and any substance or mixture of substances intended to be used for the cure, mitigation, or prevention of disease of either man or other animals." Section 6 of the Act, 21 U.S.C.A. § 7.

■■ But the application of the principle for which the claimant contends does not help its cause in this particular instance. Among those things recognized in the United States Pharmacopœia as "preparations" are absorbent cotton and adhesive plaster made by spreading the adhesive on cotton cloth. But we need not place any emphasis upon adhesive plaster, however, for the recognition in the Pharmacopœia of absorbent cotton, a substance generally similar in composition and use to a gauze bandage, sufficiently shows that the latter, while not itself recognized, is of a kind with what is. That makes it exactly the sort of thing Congress must have intended to include in the general language which was, of course, put there for the very purpose of making the statute cover more substances of the kind mentioned than were actually recognized in the Pharmacopœia or National Formulary.

■■ The act was passed to prevent injury to the public health. United States v. Lexington Mill & Elevator Co., 232 U.S. 399, 34 S.Ct. 337, 58 L.Ed. 658, L.R.A. 1915B, 774. It should be given a fair and reasonable construction to attain its aim. These bandages, clearly intended for surgical use, are certainly a menace to the public health when misbranded to show that they were sterilized. They were not fit for the use for which their labels falsely represented them to have been prepared and so were subject to condemnation and forfeiture. United States v. Ninety-five Barrels of Vinegar, 265 U.S. 438, 44 S.Ct. 529, 68 L.Ed. 1094.

Judgment affirmed.