## UNITED STATES v. LEE.

### No. 546.

District Court, E. D. Wisconsin.

Sept. 11, 1941.

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., for the government.

Charles Swidler, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a civil action wherein the plaintiff seeks an injunction against the defendant under the provisions of the Federal Food, Drug, and Cosmetic Act, § 332, U.S. C.A. Title 21, for alleged violation of § 331(a), (b), and (k), Title 21, U.S.C.A. for shipment of misbranded articles of drug, as defined by § 352(a) and (e), Title 21, U.S.C.A.

At the pre-trial conference herein, the parties entered into a stipulation, for the purpose of clarifying the issues, that prior to the trial of this action, the court should determine whether plaintiff's complaint, paragraphs 15 to 24 inclusive, states a claim upon which relief can be granted against the defendant; that is to say, whether the acts alleged in said paragraphs constitute such acts with reference to a food or drug, while held for sale after shipment in interstate commerce, as are prohibited in § 331(k), Title 21, U.S.C.A.

The paragraphs in question allege that the defendant has caused to be written and printed, various circulars, pamphlets, booklets, and other literature making therapeutic claims for the products which are manufactured by the defendant. In particular, the government claims that said literature falsely represents that the products will cure and constitute adequate treatment for a long list of human ailments. It is alleged that such literature is sent in inter-

state commerce, to agents and distributors of said products, separately from the products to which they relate. It is further alleged that the defendant, by virtue of his power and control over said agents and distributors, requires that they place the separately shipped literature so as to be displayed with the products of the defendant while held for sale. The question to be determined is whether the act of bringing written, printed, or graphic matter containing false and misleading therapeutic claims, in the presence of, proximity of, and in association with an article, after shipment in interstate commerce, is a misbranding of that article within the meaning of the term "misbranding" as that term is defined in the act. Section 331, Title 21, U.S.C.A. provides: "The following acts and the causing thereof are hereby prohibited: * * * (k) The alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, or cosmetic, if such act is done while such article is held for sale after shipment in interstate commerce and results in such article being misbranded." Section 352(a) provides that a drug is deemed misbranded if its labeling is false or misleading in any particular. Section 321(m) defines labeling: "The term 'labeling' means all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

■ The allegations of the complaint concerning the falsity and misleading character of defendant's literature are, for the purpose of deciding this question, deemed to be true.

Plaintiff admits that the alleged misbranding is not a physical tampering with the labeling, nor a tampering with the product itself. Plaintiff contends that the misbranding occurs through the device of causing written, printed, and graphic matter, containing false and misleading therapeutic claims, to be shipped through interstate commerce separately from the product; and that at the destination, such written, printed, and graphic matter becomes associated with and used in proximity and in the presence of the transported product on the shelves, display counters, and in the window displays on the premises of defendant's agents and distributors.

In determining the intent of Congress, it may be helpful to recall some of the legislative history of the act in question, which at that time was commonly called the "Copeland Bill". The bill, as introduced, gave jurisdiction to enforce same to the Department of Agriculture. It was generally known at that time that the Federal Trade Commission desired to enforce any provisions as to false advertising. While the Copeland Bill was pending, Public Act No. 447, 52 Stat. 111, 15 U.S.C.A. § 41 et seq., was passed (approved March 21, 1938), which measure specifically gave jurisdiction over false advertising of foods, drugs, and cosmetics to the Federal Trade Commission. Thereafter the Copeland Bill was amended and, as passed (approved June 25, 1938), gave jurisdiction to the Department of Agriculture to enforce the provisions as to adulteration, packaging, and labeling; but the enforcement as to false advertising remained in the Federal Trade Commission. On June 30, 1940, the enforcement of the Federal Food, Drug, and Cosmetic Act was transferred from the Department of Agriculture to the Federal Security Agency.

As this action is brought under the Federal Food, Drug, and Cosmetic Act, we are not here concerned with any false advertising by the defendant. We must determine whether there was a misbranding by false or misleading labeling.

The plaintiff necessarily contends for an extremely broad interpretation of the language of the act defining labeling: "(m) The term 'labeling' means all labels and other written, printed, or graphic matter * * * (2) accompanying such article." The government contends that when Congress said "accompanying such article", it did not necessarily mean accompanying in the ordinary sense of the word, as long as the literature eventually came together with the products before or when offered for sale.

■ Congress did intend that labeling should be something more than the printed or written matter actually affixed to the article itself. It undoubtedly had in mind the practice of manufacturers of placing circulars and printed matters in cartons, which literature would not be affixed to the product to be sold.

■ However, it would be a case of legislation by judicial construction to say that literature "placed on shelves, display counters, or in window displays" (to use the language of the government) comes

within the definition of labeling. It is advertising, pure and simple. The Congress could have provided that all written or printed matter displayed near or in proximity of the article was labeling; but it did not do so. Suppose defendant provided a sign, extolling the virtues of his product, to be hung on the wall? Under the construction contended by the government, it could be considered labeling. What about a billboard across the street? At what point could a line be drawn where labeling would end and advertising begin?

In view of the fact that Congress decided that evils in the field of advertising as to food, drugs, and cosmetics were to be handled by the Federal Trade Commission, and the Copeland Bill was therefore amended accordingly, there is no justification for any court to put a strained and unnatural construction upon the term "labeling". Furthermore, the Food and Drug Act is a criminal statute. In United States v. Weitzel, 246 U.S. 533, page 543, 38 S.Ct. 381, page 383, 62 L.Ed. 872, the Supreme Court stated: "* * * Statutes creating and defining crimes are not to be extended by intendment because the court thinks the legislature should have made them more comprehensive. * * *" To the same effect, see Walter W. Oeflein, Inc. v. State, 177 Wis. 394, 396, 188 N.W. 633.

It is my opinion that paragraphs 15 to 24 inclusive of the complaint do not state a claim against the defendant upon which relief can be granted.