UNITED STATES v. RESEARCH LABORATORIES, Inc.

No. 9898.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1942.

Rehearing Denied April 2, 1942.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Frank Hale, Asst. U. S. Atty., of Tacoma, Wash., and Wm. W. Barron, Atty., Department of Justice, of Washington, D. C., for appellant.

Howard P. Arnest and William S. Nash, both of Portland, Or., and Stephen F. Chadwick, Orville H. Mills, and Chadwick, Chadwick & Mills, all of Seattle, Wash., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Western District of Missouri, 143 packages of a drug called Nue-Ovo were proceeded against by appellant, the United States, on a libel for condemnation under § 304(a) of the Federal Food, Drug and Cosmetic Act,[1] 21 U.S.C.A. § 334(a). On application of appellee, Research Laboratories, Incorporated, claimant of the 143 packages of Nue-Ovo, the proceeding was removed to the District Court of the United States for the Western District of Washington. In that court appellant was ordered to, and did, amend its libel. To the amended libel (hereafter called the libel) appellee filed exceptions, one of which was that the libel "fails to state facts sufficient to constitute a cause of action." This exception was sustained and the proceeding was dismissed. From the order of dismissal this appeal is prosecuted.

█ The libel is crudely and inexpertly drawn. It does not state directly and positively, as a competently drawn libel would have stated, that the 143 packages of Nue-Ovo were misbranded when introduced into or while in interstate commerce. It does, however, state:

"That the said article [Nue-Ovo][2] is misbranded in violation of the Federal Food, Drug and Cosmetic Act * * * in that the statements appearing in the labeling thereof, viz., in the circulars entitled 'What is Arthritis,' accompanying the said article are false and misleading in this, that all and singular of the statement therein and the whole thereof create the impression in the mind of the reader thereof that the said article is a competent treatment for arthritis and excite a feeling of hope and expectation in the mind of a sufferer from arthritis that the use and consumption of said article will be beneficial in treatment of said disease, whereas the said article is not a competent and beneficial treatment for arthritis. * * *

"That on or about the 15th day of March, 1940, the said 143 packages, more or less, each containing 3 bottles of an article labeled in part 'Nue-Ovo' were shipped * * * in interstate commerce from Chicago, Illinois, by Nue-Ovo, Inc., Chicago, Illinois, * * * to Crown Drug Company, Kansas City, Missouri, and said article now remains unsold in the possession of the Crown Drug Company at Kansas City, Missouri.

"That the said circular accompanied said article while in interstate commerce, and thereafter, in the following manner, to-wit:

"That a shipment of circulars from Nue-Ovo, Inc., Chicago, Illinois, designated by title as 'What is Arthritis' (Exhibit A)[3] and containing the same printed words, letters and form, were received in interstate commerce by the Crown Drug Company of Kansas City, Missouri, at its warehouse * * * in said city simultaneous-

---

[1] Section 304(a): "Any article of food, drug, device, or cosmetic that is * * * misbranded when introduced into or while in interstate commerce * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: Provided, however, That no libel for condemnation shall be instituted under this Act [chapter], for any alleged misbranding if there is pending in any court a libel for condemnation proceeding under this Act [chapter] based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending, [with inapplicable exceptions]. In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court * * * shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

[2] The libel does not call Nue-Ovo a drug, but calls it an article. It nevertheless appears from the libel that Nue-Ovo is intended for use in the treatment of disease in man and hence is a drug within the meaning of the Act. See § 201(g) of the Act, 21 U.S.C.A. § 321(g). Appellee's brief concedes that Nue-Ovo is a drug.

[3] Exhibit A—a copy of the circular entitled "What is Arthritis"—is attached to the libel. The gist of the circular is that Nue-Ovo is a competent and beneficial treatment for arthritis.

ly with the said article; that the said circulars and the said shipment of 'Nue-Ovo' were placed, then and there, in the same room of the said warehouse for distribution to retail stores of the said Crown Drug Company at Kansas City, Missouri * * *."

Thus, in substance, the libel states that 143 packages of Nue-Ovo and printed circulars containing false and misleading statements concerning Nue-Ovo were shipped in interstate commerce from Chicago, Illinois, to Kansas City, Missouri, and that all the packages and all the circulars were so shipped by a single shipper (Nue-Ovo, Inc.) to a single consignee (Crown Drug Company) and were by said consignee simultaneously received in interstate commerce.

These statements must, for present purposes, be taken as true. Taking them as true, we hold that the circulars accompanied the packages and constituted their labeling within the meaning of the Act;[4] that, since the circulars were false and misleading, the packages were misbranded within the meaning of the Act;[5] that, since the circulars accompanied the packages in interstate commerce, the packages were misbranded while in interstate commerce within the meaning of the Act; and that, therefore, the packages—and, of course, their contents—are subject to condemnation.

The libel does not state, nor is it material, whether the packages and the circulars did or did not travel in the same crate, carton or other container or on the same train, truck or other vehicle during their interstate journey. The packages and the circulars had a common origin and a common destination and arrived at their destination simultaneously. Clearly, therefore, they accompanied each other, regardless of whether, physically, they were together or apart during their journey.

Appellee contends that the circulars constituted advertising and, therefore, did not constitute labeling within the meaning of the Act. The contention assumes that printed matter (such as a circular) cannot constitute both advertising and labeling. The assumption is unwarranted. Most, if not all, labeling is advertising. The term "labeling" is defined in the Act as including all printed matter accompanying any article.[6] Congress did not, and we cannot, exclude from the definition printed matter which constitutes advertising.

The rule of strict construction invoked by appellee has little or no application to statutes designed, as the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., is designed, to prevent injury to the public health. A. O. Andersen & Co. v. United States, 9 Cir., 284 F. 542, 543; United States v. 48 Dozen Packages of Gauze, 2 Cir., 94 F.2d 641, 642.

It is immaterial, if true, that the makers and advertisers of Nue-Ovo could have been proceeded against by the Federal Trade Commission under the Federal Trade Commission Act and could have been ordered to cease and desist from publishing and distributing the circular entitled "What is Arthritis." The power of the District Court to condemn misbranded articles is not impaired, diminished, or in any wise affected by the possibility that such misbranding may also be the subject of a cease and desist order or even by the fact, if it be a fact, that such an order has actually issued.

There is no merit in appellee's contention that the libel does not sufficiently charge that the circular entitled "What is Arthritis" is false and misleading. The circular states, in substance and effect, that Nue-Ovo is a competent and beneficial treatment for arthritis. The libel charges that it is not, and that, therefore, the circular is false and misleading. No other charge is necessary.

Order reversed.

---

[4] Section 201(m) of the Act, 21 U.S.C.A. § 321(m), defines the term "labeling" as meaning "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

[5] Section 502 of the Act, 21 U.S.C.A. § 352, provides:

"A drug or device shall be deemed to be misbranded—

"(a) If its labeling is false or misleading in any particular."

[6] See footnote 4.