## UNITED STATES v. FIFTEEN CARTONS, MORE OR LESS, OF SEKOV REDUCER.

### No. 561.

District Court, S. D. Texas, Houston Division.

April 30, 1942.

Douglas W. McGregor, U. S. Atty., and William R. Eckhardt, III, Asst. U. S. Atty., both of Houston, Tex., for plaintiff.

Harold E. Prudhon, of Los Angeles, Cal., and Baker, Botts, Andrews & Wharton and W. M. Ryan, all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a libel by the United States Government under the Federal Food, Drug and Cosmetic Act, Sections 301 to 392, 21 U.S. C.A., to condemn Fifteen Cartons, more or less, of Sekov Reducer, a claimed remedy for obesity, found and situated in this District and Division, alleged to be misbranded within the meaning of the Act, and to have been shipped on or about May 24, 1941, in Interstate Commerce by Sekov Corporation, Hollywood, California, to Sekov Reducing Studio, Houston, Texas, for sale by such Studio. The Sekov Corporation (for brevity called Claimant) is here, claiming such articles, denying the allegations of the Government, and contending for immunity here because, as it says, the Federal Trade Commission in a proceeding before it has heretofore assumed jurisdiction of and decided the questions here involved.

It has been stipulated that the articles sought to be condemned were shipped in Interstate Commerce for sale in this District and Division as alleged, that they have been seized, and the complaint and order in the proceedings before the Federal Trade Commission are in evidence. Thus we are brought at once to the questions to be determined.

1. The Government complains with respect to such articles as follows: "Said article is misbranded in violation of the Act of June 25, 1938, known as the Food, Drug and Cosmetic Act, in that the statement on the carton 'Reducer' and the design of a slender female figure are false and misleading, since they imply that the article is a safe and appropriate treatment for the reduction of weight, when in fact the article is not such a safe and appropriate treatment but is a dangerous drug and does not constitute an effective agent in reducing weight."

This complaint is bottomed on that part of the Act reading as follows, Section 352 (a), 21 U.S.C.A.:

"A drug or device shall be deemed to be misbranded—

"(a) If its labeling is false or misleading in any particular."

On the outside of the container or package of "Sekov" are these words:

"SEKOV
"Trade Mark Reg. U. S. Pat. Off.
REDUCER
(Then follows a picture of a woman with a slender figure)
Manufactured for—Packed by
6404 Hollywood Blvd.—Sekov Corporation
— Hollywood, California."

"Sekov" comes in and is to be taken in two capsules, stated on the label to contain

and which the evidence shows do contain ingredients as follows:

"No. 1 Capsule
Active Ingredients
Thyroid, U.S.P.
1.87 Gr.
Whole Ovarian
Whole Pituitary
Aloin

No. 2 Capsule
Active Ingredients
Rhubarb Powder
Asafetida
Cascara Sagrada
Oleoresin Ginger
Aloin—Bile Salts."

■ I find the labeling false and misleading. The evidence clearly shows that "Sekov" is not a reducer, i. e., that it is not a remedy for obesity and will not reduce the weight or figure of a heavy or stout woman to the slender proportions shown in the picture on the container.

It is shown that the Sekov Reducing Studio, Houston, was furnished by Claimant with a supply of printed booklets, the title of which is "Sekov, A Path to Slenderness." These booklets were shipped to the Studio in Interstate Commerce and kept on hand by the Studio in Houston and sent or delivered to persons making inquiry by mail or in person with respect to "Sekov." The evidence is not convincing that one of these booklets went to every purchaser of "Sekov." Citing United States v. Research Laboratories, Inc., 9 Cir., decided February 24, 1942, 126 F.2d 42, Claimant says that such booklets under Section 201(m) of the Act, Section 321(m), 21 U.S.C.A. must be considered as part of the label. Citing United States v. 59 Tubes, D.C., 32 F.Supp. 958, 960, the Government combats this view. Which is right, I do not find it necessary to decide, because the booklets, if construed as part of the label, do not help

Claimant, but support the Government's contention. The front outside cover of the booklets introduces "Sekov" as "A Path to Slenderness" and shows the same picture of a slender woman shown on the container. It is then said, "A Reducing Formula", "No Rigid Diet," "No Strenuous Exercises" The back outside cover and the inside of the booklets contain similar statements, also two pictures of a very stout woman and a very slender woman, purporting to show "before" and "after" use of "Sekov." They also contain four strong testimonials from women, praising "Sekov" as a flesh reducer, one claims the writer was reduced from 212 to 128 pounds, another from 149 to 130 pounds, another from 164½ to 135 pounds, and still another from 145 to 123 pounds. There are some rather obscure statements in the booklets that "Sekov" contains thyroid and is a treatment for obesity only when used by persons suffering from hypothyroidism (lack of thyroid), but the booklets, considered as a whole, strongly affirm that "Sekov" is a reducer and a cure for obesity generally.

Whether the label on the container is considered alone or in connection with the booklets, it is false and misleading within the meaning of the Act.

Standing on George H. Lee Co. v. Federal Trade Commission, 8 Cir., 113 F.2d 583, Claimant says the order of the Federal Trade Commission renders it immune here. The Government combats this view. I find it unnecessary to decide the question thus raised, because a fair construction of the order of the Commission[1] and the findings

Footnote:

[1] A part of the Order of the Commission is as follows:

"The aforesaid statements, claims, and representations used and disseminated by the respondents in the manner above described are grossly exaggerated, misleading and untrue. In truth and in fact, said preparation advertised and known as "Sekov Reducer" and as "Sekov" is not a scientific treatment for obesity when administered without a thorough medical examination and without scientific care and observation, and constitutes a treatment for obesity only when used by persons suffering from hypothyroidism. Obesity may be due to several causes, including the dysfunctioning of the pituitary gland and to excess intake of food, in which cases the use of said preparation will be improper and ineffective. Said preparation does not guard the health of the user and does not act on a corrective principle for the reason that the effect of the intake of thyroid accelerates the rate of metabolism whereby the tissues, especially fatty tissues, are burned more rapidly than is normal, and such a process may be dangerous and may be injurious to the health and life of the user unless the extent of such process is carefully coordinated to the exact needs of the person suffering from hypothyroidism. The use of said preparation is a harsh or strenuous method of reducing for the reasons herein set forth. Said preparation does contain cathartics and dangerous drugs in that Capsule No. 1 of said preparation contains rhubarb, cascara sagrada, aloin and bile salts, all of which are cathartics, and all of which tend to dehydrate the body tissues. In addition said preparation contains the dangerous drug, extract of thyroid. Said preparation is not made for reaching the glands or nourishing the glands whose faulty function is the cause

of fact and conclusions of law therein supports the contention of the Government, and the finding here that the labeling is false and misleading.

■ 2. The Government, in its libel, also complains with respect to such articles as follows: "Said article is further misbranded in that it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof, namely, (on the carton): '30—No. 1 Capsules Thirty Days Supply * * * No. 1 One Capsule Before Noon Meal'. This allegation is based on the fact that the capsules when taken in accordance with the suggested directions will supply a dangerous amount of thyroid."

This complaint is bottomed on that part of the Act reading as follows, Section 352(j), 21 U.S.C.A.:

"A drug or device shall be deemed to be misbranded—

*     *     *     *     *

"(j) If it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."

The dosage and directions for taking "Sekov" are found on the container or cover of the package. On the outside of the container, there are these directions:

"(30—No. 1 Capsules) Thirty Days Supply<br>(15—No. 2 Capsules)<br>"Price $5.50

"Adequate directions for use on inside cover of package."

On the inside of the package or container, there are found these directions:

| "No. 1<br>One Capsule<br>before<br>Noon Meal<br>(Preferably half to<br>one hour before) | No. 2<br>One Capsule<br>Every<br>Other Night<br>(Just before retiring) |
|---|---|
| Not to be used by persons suffering from hyperthyroidism. | Important not to be used when abdominal pain (stomach ache, cramps, colic), nausea, vomiting (stomach sickness) or other symptoms of appendicitis are present." |

The evidence supports and compels a finding, and I find, that "Sekov" is dangerous to health when used in the dosage or with the frequency or duration prescribed in the quoted directions on the label, and this is true whether the patient is or is not suffering from hyperthyroidism or from hypothyroidism.

In the hereinbefore mentioned booklets which Claimant says must be considered as a part of the directions, it is said:

"Sekov contains Thyroid and constitutes a treatment for obesity only when used by persons suffering from hypothyroidism. (Lack of Thyroid.)

"We recommend that you consult physician to determine the cause of your overweight as the use of Thyroid by a person not deficient in Thyroid may result in serious or irreparable injury to the health of the user."

If, as Claimant contends, the booklets must be looked to as part of the label, there is no change in the findings. I do not think Claimant's case is helped when the booklets are considered as a whole.

The question arises again as to the effect here of the order of the Federal Trade Commission in evidence and upon which Claimant relies upon for immunity. The Order contains findings that "Sekov" is not a scientific treatment for obesity as claimed, when administered without a thorough medical examination and without

of most overweight. The only gland substances in said preparation are whole ovarian substance, whole pituitary substance and thyroid substance, and the effect of thyroid gland substance is to supply thyroxin to the system but not to rejuvenate the thyroid gland. Said preparation does not regulate the action of the glands gently and gradually or at all. The use of said preparation, although it may result in taking off fat by accelerating the rate of metabolism, may seriously weaken the body and the organs of the body, including the heart. Said preparation is not effective in reducing practically all cases of overweight for the reason that the drug extract of thyroid is effective only in the treatment of obesity in cases in which the patient is suffering from hypothyroidism. Most overweight is caused by excessive intake of food. Said preparation does not accomplish reduction of weight or fat by normalizing the body."

scientific care and observation of the patient, and that it constitutes a treatment for obesity at all only when used by persons suffering from hypothyroidism. And that it may be dangerous and may be injurious to the health and life of the patient unless carefully coordinated to the exact needs of the person suffering from hypothyroidism. If, as Claimant insists, this Court is bound by such findings, Claimant's case is not helped.

It is not necessary to discuss other questions raised by the pleadings. From what has been said, it follows that the Government is entitled to judgment, condemning such articles.