## UNITED STATES v. LEE.
### No. 7915.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1942.

containers or wrappers, or (2) accompanying such article.

\* \* \* \* \* \*

"Sec. 301 [§ 331]. The following acts and the causing thereof are \* \* \* prohibited:

"(a) The introduction or delivery for introduction into interstate commerce of any \* \* \* drug, \* \* \* that is \* \* \* misbranded.

"(b) The \* \* \* misbranding of any \* \* \* drug \* \* \* in interstate commerce.

\* \* \* \* \* \*

"(k) The alteration, \* \* \* of \* \* \* any part of the labeling of, or the doing of any other act with respect to, a \* \* \* drug, \* \* \* if such act is done while such article is held for sale after shipment in interstate commerce and results in such article being misbranded.

\* \* \* \* \* \*

"Sec. 502 [§ 352]. A drug or device shall be deemed to be misbranded—

"(a) If its labeling is false or misleading in any particular."

In the District Court counsel for plaintiff contended that the phrase "accompanying such article" means that misbranding occurs through any device which causes printed matter containing false therapeutic claims to be shipped through interstate commerce, including printed matter shipped separately from the product, and constitutes a violation of § 201(m) if at the destination it becomes associated with and is used in proximity to the transported product on the shelves and display counters of the defendant's agents and distributors.

The District Court [40 F.Supp. 801, 802] however, was of the opinion that literature "placed on shelves, display counters, or in window displays" was advertising within the meaning of the Federal Trade Commission Act, 15 U.S.C.A. § 55, providing that " 'false advertisement' means an advertisement, other than labeling," and consequently was not a misbranding of an article in interstate commerce.

Section 8 of the Food and Drugs Act of 1906 provided that the term "misbranded" should apply to all drugs, or articles of food, the package or label of which bore any statement, design, or device regarding such article, which was false or misleading in any particular, 21 U.S.C.A. § 9. In interpreting this section, it was held that

B. J. Hustingo, and Carl R. Becker, both of Milwaukee, Wis., for appellant.

Charles Swidler, of Milwaukee, Wis., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an appeal from a decree dismissing plaintiff's complaint for an injunction against violations of § 301(a), (b), and (k) for the shipment of misbranded articles of drug and § 502 of the Federal Food, Drug, and Cosmetic Act of 1938, c. 675, 52 Stat. 1040, 21 U.S.C.A. § 331(a), (b), and (k) and § 352(a).

The complaint charged that defendant had caused to be printed circulars making therapeutic claims for the products which he manufactures, falsely claiming that the products will cure and constitute adequate treatment for human ailments; that such circulars were sent in interstate commerce to agents and distributors of said products, separately from the products to which they relate; and that by virtue of defendant's power and control over his agents and distributors, he required them to display the separately shipped circulars with defendant's products.

We must decide whether the act of bringing printed matter containing false and misleading therapeutic claims in the presence of, and in association with, an article after shipment in interstate commerce, results in the article being misbranded in violation of § 301(k) of the Act.

The Federal Food, Drug, and Cosmetic Act, so far as material, provides:

"Sec. 201 [§ 321]. For the purposes of this Act [chapter]—

\* \* \* \* \* \*

"(m) The term 'labeling' means all labels and other written, printed, or graphic matter (1) upon any article or any of its

466

a circular *enclosed* with an article inside the carton in which it was offered for sale was not within the purview of this section. United States v. American Druggists' Syndicate, C.C., 186 F. 387. Thereafter, in 1912, the Act was amended, specifically extending the definition to include statements, designs and devices *contained* in the package, "to hit precisely the case of circulars or printed matter placed inside the package." Seven Cases v. United States, 239 U.S. 510, 515, 36 S.Ct. 190, 192, 60 L.Ed. 411, L.R.A.1916D, 164. The Act was again amended in 1938 so as to include within the term "labeling," all "labels," and "other written, printed, or graphic matter * * * accompanying such article." 21 U.S.C.A. § 321(m).

We have not had the benefit of a brief on behalf of the defendant, but in the District Court the defendant contended that the word "accompany" did not include literature which did not go along with the product—in other words, that the test was not nearness, concurrence of display, or availability for reading. With this contention we cannot agree.

The word "accompany" is not defined in the Act, but we observe that among the meanings attributed to the word are "to go along with," "to go with or attend as a companion or associate," and "to occur in association with," Webster's New International Dictionary, 2d Ed. There can be no question that among the usual characteristics of labeling is that of informing a purchaser of the uses of an article to which the labeling relates, and that the basic character of the Federal Food, Drug, and Cosmetic Act is not directly concerned with the sale of the products therein described, or whether the literature is carried away by the purchaser. It was enacted to protect the public health and to prevent fraud, and it ought to be given a liberal construction. Consequently, we are impelled to the conclusion that misbranding is cognizable under the Act if it occurs while the articles are being held for sale.

This conclusion is sustained by the legislative history of the Act, from which it appears that it was not the purpose of Congress to limit the scope of the phrase "accompanying such articles" to printed matter placed in the carton in which the article is contained. See Senate Report 1944, 73rd Cong., 1st and 2nd Sessions, and Senate Report No. 493 of the Committee on Commerce, 73rd Cong., 2nd Sess.

Our conclusion is also sustained by the decision in the case of United States v. Research Laboratories, 9 Cir., 126 F.2d 42, decided after the District Court had dismissed the complaint in the instant case. The defendant in the Research case contended that the circulars constituted advertising and did not constitute labeling within the meaning of the Act. In disposing of the contention, the court said, 126 F.2d at page 45: "The contention assumes that printed matter (such as a circular) cannot constitute both advertising and labeling. The assumption is unwarranted. Most, if not all, labeling is advertising. The term 'labeling' is defined in the Act as including all printed matter accompanying any article. Congress did not, and we cannot, exclude from the definition printed matter which constitutes advertising." The court also said: " * * * nor is it material, whether the packages and the circulars did or did not travel in the same crate, carton or other container or on the same train, truck or other vehicle during their interstate journey. The packages and the circulars had a common origin and a common destination and arrived at their destination simultaneously. Clearly, therefore, they accompanied each other, regardless of whether, physically, they were together or apart during their journey."

The decree of the District Court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.