UNITED STATES v. 1 DOZEN BOTTLES, ETC., EACH CONTAINING AN ARTICLE LABELED IN PART BONCQUET TABLETS.

No. 5270.

Circuit Court of Appeals, Fourth Circuit.

Dec. 13, 1944.

C. Ross McKenrick, Asst U. S. Atty., of Baltimore, Md. (Tom C. Clark, Asst. Atty. Gen., Bernard J. Flynn, U. S. Atty., of Baltimore, Md., Joseph L. Maguire, Atty., Federal Security Agency, of Washington, D. C., and Vincent A. Kleinfeld, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Robert H. Carr, of Baltimore, Md. (Hibbard & Kleindienst, of Los Angeles, Cal., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The United States filed a libel for the seizure and condemnation of a quantity of drugs called Boncquet tablets, which had been shipped in interstate commerce from Glendale, California, to Baltimore, Maryland, on the ground that the goods were misbranded within the meaning of the Federal Food, Drug, and Cosmetic Act of

June 25, 1938, 21 U.S.C.A. § 301 et seq. The goods were attached and J. Paul Elliott, receiver of Boncquet Laboratories, by appointment of the Superior Court of Los Angeles County, California, filed an answer as claimant and prayed that the libel be dismissed.

When the case came on for hearing, it was shown that the misbranding complained of appeared in certain descriptive circulars which were shipped separately from the goods and designed to be used by dealers in connection with the resale of the goods. In this instance the accused circulars had been shipped before the goods and the shipment of circulars of this kind had been discontinued before the shipment by the manufacturer of the attached goods; but the dealers, to whom the circulars and the goods had been sent, were not notified to withdraw the circulars until after the goods had been received and put on sale in Baltimore. Specifically the distribution of the circulars was discontinued on February 28, 1942. The goods were shipped in April and May, 1942, when the circulars were still in possession of the dealers, and the direction from the shipper to the dealers to destroy the circulars was not issued until August, 1942.

Upon this set of facts the District Judge, before determining whether or not the circulars misdescribed the goods, ruled preliminarily that the circulars accompanied the goods within the meaning of § 321(m) of the Act, so as to constitute a misbranding within the meaning of § 331(b) of the Act, if in fact the circulars falsely described the goods. For decisions bearing on this subject see, United States v. Research Laboratories, 9 Cir., 126 F.2d 42, 45; certiorari denied 317 U.S. 656, 63 S. Ct. 54, 87 L.Ed. 528; United States v. Lee, 7 Cir., 131 F.2d 464, 466; United States v. 7 Jugs, etc., Dr. Salsbury's Rakos, D.C. Minn., 53 F.Supp. 746, 755.

It was then brought to the attention of the court by attorneys for the claimant that a proceeding against the shipper of the goods, based upon similar misdescription of goods shipped in interstate commerce, had been instituted before the Federal Trade Commission prior to the filing of the libel in this case and was still pending. The court thereupon postponed the hearing of the libel so that it might be definitely ascertained whether the Federal Trade Commission intended to proceed with the case before it or to abandon it, with leave to the United States in the latter event or in the event that the same issues were not involved in the two proceedings, to move to put the libel case back on the trial docket of the District Court.

Subsequently, the receiver and claimant of the goods filed a motion in the instant case supported by affidavit to dismiss the libel on the two grounds that the same issues were still pending before the Federal Trade Commission and that the instant case had become moot because after the libel was filed, the formula of the goods had been revised and the distribution of the circulars complained of had been discontinued. The court granted this motion and dismissed the case for the reasons and upon the findings of fact set out in an accompanying opinion. Therein the court held (1) that the issues in the libel case had become moot in that the label on the bottles and . the accompanying circulars had been changed by the claimant and none of the drug so labelled or the accused circulars had been distributed for more than two years; (2) that the claimant had given assurances that there would be no further shipment of goods accompanied by the labels or circulars objected to; (3) that the claimant had obtained the approval of the California court for the use of a new label and the manufacture of the goods under a changed formula, and had been ordered by that court to cease and desist from the distribution of the prior labels and circulars; (4) that all dealers had been directed to destroy the accused circulars and pamphlets, and (5) that for all practical purposes the same issues were involved in the pending action before the Federal Trade Commission so that to proceed with the libel case under the circumstances appeared to be duplicitous, costly and unnecessary.

■■ No copy of the complaint or of the answer or of the testimony taken in the proceeding before the Federal Trade Commission was introduced in evidence in the pending case, and the court's conclusion was based upon the general statement of counsel for the opposing parties that essentially the same issues were involved in both cases. In the absence of more definite proof, we shall assume that the jurisdiction of the Commission was invoked under the Federal Trade Commission statute, 15 U.S.C.A. §§ 45, 52 and 53, to en-

join the shipper of the drugs from using unfair or deceptive acts or practices and from disseminating false advertisements to induce the purchase of the drugs in interstate commerce. Obviously there is no necessary conflict between such a proceeding, which is designed to prevent the continuance in the future of unfair and deceptive trade practices, and a libel under the Federal Food, Drug, and Cosmetic Act which invokes the power of the court to seize and condemn falsely branded goods which have been unlawfully shipped in interstate commerce in the past. The relief sought in the libel suit, that is, the condemnation of the offending shipment could not have been granted by the Federal Trade Commission, and consequently it cannot be said that the court was clothed with that discretionary power to refuse to entertain jurisdiction which a court has when a prior action between the same parties involving the same issue has been filed in another court which has the power to adjudicate all the rights of the parties. There was no occasion for the application of the principle that the pendency of a prior action or suit, predicated on the same cause of action between the same parties, constitutes good ground for the abatement of a later action or suit. See Maryland Casualty Co. v. Boyle Construction Co., Inc., 4 Cir., 123 F.2d 558, 564. It has been correctly held that the power of the District Court to condemn misbranded articles is not impaired or affected by the power of the Federal Trade Commission to issue a cease and desist order against the shipper in a proceeding pending before it. United States v. Research Laboratories, Inc., 9 Cir., 126 F.2d 42, 45; Sekov Corporation v. United States, 5 Cir., 139 F.2d 197.

█ It is true that a decision of a court favorable to the manufacturer in a libel proceeding brought by the United States for the condemnation of goods alleged to have been misbranded is a bar to the promulgation of a cease and desist order by the Federal Trade Commission in a proceeding based on the same charge of misrepresentation of the character of goods shipped in interstate commerce; George H. Lee Co. v. Federal Trade Commission, 8 Cir., 113 F.2d 583; and conversely it has been held that a libel to condemn goods alleged to have been misbranded under the Federal Food, Drug, and Cosmetic Act cannot be sustained if the Federal Trade Commission in a prior proceeding has found that the statements made by the shipper in respect to the goods were not false or misleading. United States v. Willard Tablet Co., 7 Cir., 141 F.2d 141. But there has been no determination by the Federal Trade Commission of the issues raised in the pending case. Indeed there is no definite showing of the precise status of the proceeding before the Commission. All we know is that a complaint was filed on December 8, 1938, some testimony was taken in California in September, 1942, and some effort has been subsequently made by the judge of the California court and by the claimant-receiver to induce the Federal Trade Commission not to issue a cease and desist order because the formula of the goods and the advertising matter relating thereto have been changed, and the shipper has directed the dealers to destroy all the old circulars on hand. What course the Federal Trade Commission will pursue in the future no one undertakes to say. For all that we know, the proceeding before that body may be abandoned or dismissed without further action. It seems clear that the claimant seeks the dismissal of the pending libel suit on the ground that the proceeding before the Federal Trade Commission involves the same issues and at the same time is seeking the dismissal of the latter proceeding on the ground that prior practices alleged to have been deceptive have been abandoned.

█ What has been said is a sufficient answer to the suggestion that the pending case is moot because the offending circulars have been withdrawn and destroyed and the claimant has given the court assurance of good behavior in the future. Such a promise does not relieve the goods from liability for past actions and the case is not moot so long as the demand of the United States for condemnation of the goods remains unheard. Under the circumstances, we think that the trial court was not clothed with discretion or authority to decline jurisdiction. It should proceed to hear and determine the charges contained in the libel upon the merits since the right of a party litigant to the judgment of a court upon a matter properly before it is a fundamental aim of the law. Cohen v. Virginia, 6 Wheaton 264, 404, 5 L.Ed. 256, 257; Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 53 L.Ed. 382, 48 L.R.A.,N.S., 1134, 15 Ann.Cas. 1034; McClellan v. Carland, 217

U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762; 35 Am.Jur. (Mandamus) § 254, p. 25.

The judgment of the District Court is reversed and the case remanded for further proceedings.

Reversed.