## UNITED STATES v. PADDOCK.

### No. 4166.

District Court, W. D. Missouri, W. D.

June 21, 1946.

Sam M. Wear, U. S. Atty., and David A. Thompson, Asst. U. S. Atty., both of Kansas City, Mo., for plaintiff.

Charles Rowan, of Milwaukee, Wis., and James R. Sullivan, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Pursuant to our arrangement, I have examined the authorities on the motion to dismiss, or in the alternative, to strike certain averments of the complaint, and have reached the following conclusion:

The Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., designed to protect the health of the public, should be liberally construed to effectuate the purposes of the Congress. The literature and advertising matter covered by the motion was obviously designed by the defendant to serve as a labeling of his product. It had that unquestioned purpose. Under the decisions, such advertising matter may serve the twofold purpose of advertising, and, at the same time, labeling. The provisions of the law could not be evaded by first placing the advertising and labeling matter in the hands of a prospective purchaser in advance of the purchase. It was the Congressional purpose to prevent fraud on the public. The usual and practical method of the producer was to send the labeling and advertising matter along with the product so that both would reach the purchaser at the same time. The identical result could be reached by sending the labeling matter in advance, or even subsequently. When both of them finally reached the consumer, there was the deception that the law seeks to prevent.

If the law is as contended by the defendant, then the whole purpose of the law could be defeated by placing in the hands of the consumer, through separate channels, the labeling matter and the product. Such evasions could not be permitted.

There is no conflict of jurisdiction between the Federal Trade Commission and the Court, as indicated in United States v. Research Laboratories, 9 Cir., 126 F.2d 42, loc. cit. 45. Advertising and labeling circulars may be the same and yet perform the two offices of advertising, and labeling. The courts have jurisdiction over the labeling function, whereas the Federal Trade Commission would have jurisdiction at the same time over the same circular because of its advertising function.

The motion to dismiss, or, in the alternative, to strike, should be and will be overruled.