### UNITED STATES v. PADDOCK.

No. 4166.

District Court, W. D. Missouri, W. D.
Sept. 28, 1946.

See also 67 F.Supp. 819.

Sam M. Wear, U. S. Dist. Atty., of Kansas City, Mo., and David A. Thompson, Asst. U. S. Dist. Atty., of Richmond, Mo., for plaintiff.

Armwell L. Cooper, of Kansas City, Mo., and Charles Rowan, of Milwaukee, Wis., for defendant.

REEVES, District Judge.

This is an action under Section 332(a) Title 21 U.S.C.A. to restrain the defendant from violations of Section 331 of said Title 21 U.S.C.A., in the following particular: The introduction of certain alleged misbranded drugs into interstate commerce. The issues were made up by an answer of the defendant which denied "that he is transporting misbranded drugs in interstate commerce * * *"

The evidence on the part of the plaintiff tended to show that the defendant has been continuously from 1932 until the present time engaged in the business of distributing through the mails in interstate commerce drugs to be used in the treatment of gallstones, gall bladder diseases and diseased liver conditions, and that said drugs consisted of yellow coated tablets, blue coated tablets and brown coated tablets, and that such drugs were within the meaning of Section 321(g) (2), Title 21 U.S.C.

A. The evidence supported the averments of the complaint that certain exhibits proffered in the complaint and in evidence were regularly sent through the mails either with the drug thus distributed or prior or subsequent to its distribution and that the drugs and the literature came into the hands of patrons or purchasers of the drug and that such literature was intended by the defendant to be used in connection with the treatment advised by the defendant. As an illustration of the literature thus distributed through the mails to be associated with the drug when used, was one as follows:

(Exhibit H)

"Heartfelt Gratitude from North ... South ... East and West"

(Printed in large type)

and this was followed by a statement, blocked off in the advertisement (also in large type) as follows:

"Does Gall Bladder Irritation, Gall Distress and Sluggish Bile Threaten You? Then read My 30 Years of Treating Earlier Symptoms to Avoid Development of Gallstone Troubles.

The two words Gallstone Troubles were printed in very large type.

Four physicians who were specialists in the administration of internal medicines, and particularly familiar with gall bladder and liver complaints, testified that the drugs distributed by the defendant were ineffective for the purposes advertised and asserted by the defendant in his literature. And, moreover, that said drugs would be inefficacious in the prevention or the avoidance of the development of gallstone trouble. In fact, the testimony of these experienced physicians indicated that the drugs administered or delivered for administration by the defendant would act in a degree as an irritant and would be harmful in their use. Moreover, said witnesses further testified that diagnosis of gallbladder and liver trouble could not be satisfactorily made without a preliminary objective and subjective examination of the patient.

On the part of the defendant two physicians were called who were not presently engaged in the practice of medicine and who had had little experience in the treat-

ment of gall bladder and liver complaints. The witnesses for the defendant tended to support the contention of the defendant that his drugs were not misbranded and that they were useful and efficient as stated by him in his literature. The further contention is made by counsel for the defendant that the literature transmitted through the mails in interstate commerce was in no sense a labeling of the drugs but was purely advertising matter.

■■ 1. The word "labeling" has been defined in the Federal Food, Drug, and Cosmetic Act (New) § 321, paragraph (m), Title 21 U.S.C.A. as follows:

"(m) The term 'labeling' means all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."

As said by the Court of Appeals, 7th Circuit, in United States v. Lee, 131 F.2d 464, loc.cit. 466, 143 A.L.R. 1451:

"The word 'accompany' is not defined in the Act, but we observe that among the meanings attributed to the word are 'to go along with,' 'to go with or attend as a companion or associate,' and 'to occur in association with,' * * * There can be no question that among the usual characteristics of labeling is that of informing a purchaser of the uses of an article to which the labeling relates, and that the basic character of the Federal Food, Drug, and Cosmetic Act is not directly concerned with the sale of the products therein described, or whether the literature is carried away by the purchaser. *It was enacted to protect the public health and to prevent fraud, and it onght to be given a liberal construction. Consequently, we are impelled to the conclusion that misbranding is cognizable under the Act if it occurs while the articles are being held for sale.*"

Other discussions of the subject would indicate that it was the purpose of Congress to treat advertising matter as labeling, if used by the patron or purchaser, precisely in the same way as if the matter were accompanying the drug in the first instance.

■ 2. There is the further contention by the defendant that the testimony on behalf of the government did not point out that the particular formulas of the defendant were harmful. In the first place, in the trial of the case, it was assumed by all of the witnesses, both for the plaintiff and the defendant, on direct examinations and cross-examinations, that the precise formulas were in controversy and were under discussion by the expert witnesses, and, in the second place, the testimony on behalf of the government was that, without regard to precise formulas, the particular constituents of the formula or formulas were harmful and dangerous unless prescribed after a careful diagnosis of the patient's troubles.

■ 3. The defendant testified over the objection of counsel for the government that the years of his treatment by mail had not been attended by complaints from patients or patrons. Objection was properly made to such testimony and same should have been excluded. Moreover, certain medical books or texts were offered in evidence by the defendant over the objections of the plaintiff. It is the rule in this circuit, as in practically all of the states, that medical books are not competent as evidence.

■ The overwhelming preponderance of the testimony was that the labeling and the literature treated as labels on the drugs introduced by the defendant into interstate commerce constituted a misbranding of drugs and that the government was entitled to have the defendant restrained from the further introduction of said drugs in interstate commerce.

■ The attention of the court has been called to the fact that since the case was tried and submitted the defendant has deceased. The government, therefore, could proceed no further in the case. Since the government was entitled, at the time the case was tried, to a judgment or decree as prayed, and in view of the death of the defendant, a decree will be entered nunc pro tunc as of the date the case was submitted.