## ALBERTY v. UNITED STATES.
### No. 11338.

Circuit Court of Appeals, Ninth Circuit.

Jan. 31, 1947.

---

[1] There is another provision of the Act, 21 U.S.C. § 331 (k), 21 U.S.C.A. § 331 (k), forbidding misbranding after the drug has passed through interstate commerce, as follows: "(k) The alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device,

Hauerken, Ames & St. Clair and George H. Hauerken, all of San Francisco, Cal., O'Connor & O'Connor and William V. O'Connor, all of Los Angeles, Cal., for appellant.

James M. Carter, U.S. Atty., Ernest A. Tolin and Walter S. Binns, all of Los Angeles, Cal., and Tobias G. Klinger, of Washington, D. C., Asst. U. S. Attys., and William Strong, Sp. Asst. to the U. S. Atty., of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Appellant appeals from a judgment sentencing her to three years on probation for violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 331(a), 21 U.S.C.A. § 331(a).

The language of the information is that "* * * Ada J. Alberty, * * * · doing business * * * at Hollywood, Los Angeles, State of California, did * * * on or about April 18, 1944 *then and there,* in violation of the Act of Congress * * * 21 U.S.C. 331(a) [21 U.S.C.A. § 331(a)],[1] unlawfully introduce and deliver for introduction into interstate commerce, from Hollywood, Los Angeles, State of California, to Kansas City, State of Missouri, consigned to Natural Food Store, a certain consignment, to wit, a number of bottles containing a drug within the meaning of 21 U.S.C. § 321(g) (2) [21 U.S.C.A. § 321(g) (2)] * * *

"That displayed upon ·written, printed, and graphic matter. *accompanying said drug when introduced and delivered for introduction into interstate commerce,* as aforesaid, namely· upon a number of leaflets entitled 'So it's You again, is it?' relating to said drug which said leaflets were shipped by the said Ada J. Alberty trading and doing business as 'Alberty Food Products' to said Natural Food Store *prior*

or cosmetic, if such act is done while such article is held for sale after shipment in interstate commerce and results in such article being misbranded."

This section has no application to a charge that at the moment of introducing the drug into interstate commerce the misbranding "then and there" occurred.

*to the date of the shipment of said drug as aforesaid,* to wit, *on or about February 7,* 1944, were among other things the following statements: * * *

"That said drug, when introduced and delivered for introduction into interstate commerce, as aforesaid, was *then and there* misbranded within the meaning of the said act of Congress [21 U.S.C. § 352(a), 21 U.S.C.A. § 352(a)], in that the statements aforesaid appearing in the leaflets entitled 'So it's You again, is it?,' *accompanying* said drug, as aforesaid were false and misleading in this, that said statements represented and suggested that said drug would be efficacious to restore color to gray hair and would be efficacious to prevent hair from turning gray; whereas in fact and in truth said drug would not be efficacious to restore color to gray hair and would not be efficacious to prevent hair from turning gray." *(Emphasis supplied.)*

Appellant demurred to the information on the ground that it does not charge an offense within the sections of the Federal Food, Drug, and Cosmetic Act, contending to the court below, as follows: "The Act in question (Secs. 343(a) and 352(a) of Title 21, U.S.C. [21 U.S.C.A. §§ 343(a), 352(a)]) provides that a food or drug shall be deemed to be misbranded 'if its labeling is false or misleading in any particular.' Another section of the Act (Sec. 321 (m) of Title 21 U.S.C. [21 U.S.C.A. § 321 (m)]) defines the term 'labeling' to mean 'all labels and other written, printed or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article.' * * *." and that the labels did not accompany the drug within Section 321(m).

The district court overruled the demurrer, thus ruling against appellant's contention that the literature did not accompany the drug when it was introduced into interstate commerce. Appellant assigns this ruling as error.

Section 331(a) provides

"Prohibited acts

"The following acts and the causing thereof are hereby prohibited:

"(a) The introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that *is* adulterated or misbranded." (Emphasis supplied.)

It will be noted that the verb "is" is in the present tense. Section 331(a) confines the offense to a misbranding at the "introduction or delivery for introduction into interstate commerce" as recognized in the information by the use of the words "then and there."

A drug is misbranded "If its labeling is false or misleading in any particular." 21 U.S.C. § 352(a), 21 U.S.C.A. § 352(a). "Labeling" of an article is defined to mean "all labels * * * accompanying such article." 21 U.S.C. § 321(m), 21 U.S.C.A. § 321(m).

The information charges that the false labels were shipped by appellant to the Natural Food Store at Kansas City, Missouri, on February 7, 1944, that is, two months and 11 days before April 18, 1944, when the drug was "then and there" introduced into interstate commerce. It does not allege that the labels were to be placed with the drug or used together with it by the consignee. For all the information alleges, the labels may not have arrived in Missouri. Or they may have been destroyed. Or they may have been distributed to the prospective customers a month before the arrival of the drug in Missouri and hence never accompanied it there. Or they may have been used in connection with other drugs shipped and sold long prior to April 18, 1944, when the charged offense is alleged "then and there" to have been committed.

We do not think that the bald statement that the labels were shipped to the Missouri consignee 71 days before the drug was shipped charges the offense of causing them to be "accompanying" the drug's *introduction into interstate commerce* on or about April 18, 1944.

Appellee cites our decision United States v. Research Laboratories, Inc., 9 Cir., 126 F.2d 42. In that case, a condemnation proceeding, the libel charged that the false circulars accompanied the drug into interstate commerce and all arrived at their common destination simultaneously. The information in the instant appeal alleges

no such facts and, on the contrary, cannot be construed as charging that the drug and labels were in interstate commerce at the same time, much less introduced therein at the same time. United States v. 7 Jugs of Dr. Salsbury's Rakos, D. C., 53 F.Supp. 746, has similar facts and follows the Research Laboratories case.

Appellee also cites United States v. Lee, 7 Cir., 131 F.2d 464, 143 A.L.R. 1451. The complaint there sought an injunction because of an entirely different offense—the placing of the drug and false printed matter together *after* the interstate shipment in violation of 331(k), referred to in our footnote above. It in no way supports the information purported to be based upon the claimed violation of 321(m) at the time of shipment, to which appellant demurred.

These three cases were civil proceedings and not criminal prosecutions. They construe the Act liberally. The question was raised at the hearing here whether in construing the Act as the basis of a criminal prosecution there should be a similar construction against the accused. Cf. the recent case of M. Kraus & Bros., Inc., v. United States, 327 U.S. 614, 621, 66 S.Ct. 705, 707, construing in a criminal proceeding the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., which, like the Food, Drug, and Cosmetic Act, also afforded civil relief. There the Supreme Court states "This delegation to the Price Administrator of the power to provide in detail against circumvention and evasion, as to which Congress has imposed criminal sanctions, creates a grave responsibility. In a very literal sense the liberties and fortunes of others may depend upon his definitions and specifications regarding evasion. Hence to these provisions must be applied the same strict rule of construction that is applied to statutes defining criminal action * * *".

However, we think that, whatever the criterion of construction, the ordinary use of the word "accompanying" which we have here accepted is that applicable.

After overruling the demurrer, the case was tried on a stipulation of facts which stated that the shipment of labels was received by the consignee on February 11, 1944, and the drug on April 25, 1944, clearly establishing that the two did not accompany each other when introduced into interstate commerce nor at any time in that interstate transit. It was also stipulated that they were exhibited together in the consignee's store. Here there might be said to be accompaniment *after* the interstate commerce was completed, but nothing is stipulated as to appellant's then ownership or control of the drug and labels or her participancy in these later acts to bring her within 331(k), a section not involved in the information.

The judgment is reversed, the case is remanded, and the information ordered to be dismissed.