## UNITED STATES

v.

**3963 BOTTLES, MORE OR LESS, of an article of drug LABELED in part: "60 Capsules Lot No. 30019 ENERJOL DOUBLE STRENGTH * * *".**

No. 57 C 2021.

United States District Court
N. D. Illinois, E. D.

Sept. 23, 1958.

R. Tieken, U. S. Atty., John P. Lulin-ski, and Richard C. Bleloch, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Morton J. Harris, Chicago, Ill., Milton Bass, New York City, for claimant.

SULLIVAN, District Judge.

This is a libel of information brought by the Government under Title 21 U.S.C. § 334, for the condemnation of certain bottles of a drug called "Enerjol". The condemnation is sought on the grounds that the contents of the bottles are misbranded under Sec. 352(a), and that "Enerjol" is a "new drug" under Section 355 (a), as to which no effective application has been filed under Section 355(b).

The claimant has moved to dismiss the libel and for a summary judgment. The sole basis for the motion is that in September, 1957, Claimant entered into an agreement with the Post Office Department in an action brought against claimant by that Department under the provisions of Title 39 U.S.C. §§ 259 and 732, and allegedly concerned with the same product and same labels as those here involved. It is claimant's position that in view of the former proceedings, and the agreement, the present libel subjects claimant to a "multiplicity of actions" and "unjust harassment", and that the agreement in the post office action is a bar "in effect akin to the legal principle of *res adjudicata.*"

The last argument is clearly in error. The doctrine of *res adjudicata* ap-

plies only when there has been an actual adjudication of the same issues in a prior proceeding. United States v. International Building Co., 1953, 345 U.S. 502, 505, 73 S.Ct. 807, 97 L.Ed. 1182. Such is not the case here. In the Post Office proceeding, the issue was actual intent to deceive by means of false or fraudulent pretenses (Reilly v. Pinkus, 1949, 338 U.S. 269, 276, 70 S.Ct. 110, 94 L.Ed. 63). Here, the issue is whether the article is misbranded. It is settled in this Circuit that "the offense of using the mails to defraud and the offense of introducing or delivering for introduction into interstate commerce misbranded drugs are not the same, and hence there is no res judicata". United States v. Kaadt, 7 Cir., 1949, 171 F.2d 600, at page 605; see also United States v. 42 Jars etc., D.C.D.N.J.1958, 160 F.Supp. 818, 821.

Claimant argues that he is not contending that the traditional doctrine of *res adjudicata* applies, but that something "akin" to it is involved. This argument also must fail. However far one might stretch the traditional doctrine, it must at least involve some form of prior adjudication definite enough to form a standard against which the current action can be measured. In the instant situation there was no adjudication of any sort in the Post Office action. The agreement (attached to the motion) shows that claimant there merely agreed to refrain from making certain representations in the future. If this amounts to anything, it is an admission by claimant against his interests in this suit. Finally, the agreement provides that it "will not act as a defense for violation of any other statute". This in itself should preclude its use here.

The argument that claimant is being subjected to "multiplicity of actions" and "undue harassment" is a specious one. It is perfectly apparent that the purposes and effect of the Post Office action and one for condemnation are entirely different and that the two remedies are properly distinct and co-

existent. United States v. One Dozen Bottles, 4 Cir., 1944, 146 F.2d 361, 363.

For the foregoing reasons, the motions to dismiss and for a summary judgment are denied.